UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| GARY D. BELEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-cv-172 |
| | ) |
| SECO ARCHITECTURAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Remand [doc. 6], Plaintiff's Brief in Support of the Motion to Remand [doc. 7], and Defendant's Response in Opposition [doc. 11]. For the reasons herein, the Court will deny Plaintiff's motion.

### I. BACKGROUND

Plaintiff Gary D. Belew ("Mr. Belew") initiated this action in the Circuit Court for Campbell County, Tennessee, claiming employer discrimination under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401 [Compl. doc. 1-1, at 5]. Specifically, Mr. Belew alleges that, in March 2016, Defendant Seco Architectural Systems, Inc. ("Seco"), his former employer, terminated him "when [his] ability to obtain other employment was diminished because of his age" and replaced him with employees "much younger." [*Id.*]. Mr. Belew's alleged "sustained damages" consist of a "loss of future earnings, employment benefits, and personal injuries [from] humiliation and embarrassment." [*Id.* at 6]. Mr. Belew seeks "compensatory damages, inclusive of costs

and attorney's fees under the law and evidence not to exceed Seventy-Two Thousand, Five Hundred Dollars ($72,500.00)." [*Id.*]. He also requests "such further and general relief to which he may be entitled under the law." [*Id.* at 7].

Based on diversity of citizenship jurisdiction, Seco removed this action to this Court under 28 U.S.C. § 1441(a). [Notice of Removal, doc. 1, at 1–5]. In doing so, Seco claims, in its Notice of Removal, that the amount in controversy exceeds $75,000, exclusive of interests and costs. [*Id.* ¶ 7]. Seco backs this claim with two assertions:

> At the time of his separation from SECO on March 14, 2016, Plaintiff earned an annual salary of $43,680.00 per year and was eligible for employee benefits. Assuming a trial date set to begin in 20 months (roughly 22 months from Plaintiff's termination), Plaintiff would be entitled to more than $75,000 in back pay at the time of trial.
>
> In addition to Plaintiff's claim for back pay, Plaintiff may seek compensatory damages for *future* pecuniary losses and nonpecuniary losses (including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life). Pursuant to Tenn. Code. Ann. § 4-21-313(a)(3), these damages may total up to $100,000, given that SECO employs more than 100 employees.

[*Id.* ¶¶ 13–14 (citations omitted)]. Mr. Belew now moves this Court to remand this action, arguing that federal subject matter jurisdiction is absent. In particular, the parties dispute whether the amount in controversy exceeds 75,000, exclusive of interests and costs, under 28 U.S.C. § 1332(a). [*See* Pl.'s Br. at 5–12; Def.'s Resp. at 1–6].

## II. SUBJECT MATTER JURISDICTION

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Just as a criminal defendant is presumed innocent until the government proves him guilty, a case is presumed to fall outside a federal court's

2

jurisdiction until a litigant proves otherwise." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 950 (E.D. Ky. 2010); *see Patsy v. Bd. of Regents*, 457 U.S. 496, 525 n.10 (1982) (Powell, J., dissenting). ("[B]ecause it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction, the rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court." (quotation omitted)). Under § 1332(a), diversity of citizenship jurisdiction requires an amount in controversy that exceeds $75,000, exclusive of interest and costs. A party invoking diversity jurisdiction must allege that the cause of action satisfies the jurisdictional amount in controversy, *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001), including in cases that arrive in federal court by removal, *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

### III. ANALYSIS

A defendant initiates removal by filing a notice of removal, which must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1446(c)(2), when a defendant removes a civil case from state court to federal court based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *See Dart Cherokee Basin*, 135 S. Ct. at 551 ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" (quoting *id.*)); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (stating that, in the context of removal, "the sum claimed by the plaintiff controls if the

3

claim is apparently made in good faith" (footnotes omitted)). "Generally, because the plaintiff is 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quotation omitted)).

In some situations, however, even when a plaintiff demands a specific sum in an initial pleading and that sum is less than the federal threshold, remand is improper. The Sixth Circuit, in a case whose removal was based on diversity jurisdiction, has counseled courts not to remand an action when a state's laws permit a plaintiff "to recover damages in excess of what she prayed for." *Id.* at 873. Specifically, when a state's rules of civil procedure contain an analog to Federal Rule of Civil Procedure 54(c), which permits "relief to which each party is entitled, even if the party has not demanded that relief," a plaintiff's demand for a particular sum less than $75,000 is not always determinative. *Rogers*, 230 F.2d at 871. In constructing this exception to the notion that the plaintiff is the "master of the claim," *id.* (quotation omitted), the Sixth Circuit explained its rationale:

> [S]tate counterparts to Rule 54(c) . . . might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement. Thus, courts have considered allowing removal where the defendant establishes a "substantial likelihood" or "reasonable probability" that the plaintiff intends to seek damages in excess of the federal amount-in-controversy requirement. . . . We conclude that the "preponderance of the evidence" ("more likely than not") test is the best [test].

*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157–58 (6th Cir. 1993) (citations and quotations omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under the Tennessee Rules of Civil Procedure, a near-facsimile of Rule 54(c) exists, and it

4

provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Tenn. R. Civ. P. 54.03.

"In such situations," a defendant, when removing a case, has the onus to show that a plaintiff's claim, more likely than not, satisfies the amount-in-controversy requirement under § 1332(a). *Rogers*, 230 F.3d at 871 (citing *Gafford*, 997 F.2d at 158); *see Dart Cherokee Basin*, 135 S. Ct. at 554 (stating that, in the context of removal, "when a defendant's assertion of the amount in controversy is challenged," the proper "procedure" requires "both sides [to] submit proof," based on which "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"). In weighing the evidence, a court must consider whether federal jurisdiction existed at the time the defendant filed the notice of removal. *See Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906) (noting that the removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal" (citation omitted)); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Because the federal courts are courts of limited jurisdiction, they resolve doubts regarding their jurisdiction by favoring remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

Seco has satisfied its burden by showing that Mr. Belew's claim is more likely than not to exceed the amount in controversy under § 1332(a). Citing to evidence that was part of the record at the time of removal, Seco notes that Mr. Belew's salary was $43,680 and that Seco employs more than a hundred people. [Mitchell Decl., doc. 1-3, ¶¶ 5, 7]. Based

5

on these assertions, Seco argues that Mr. Belew would be entitled to more than $75,000 in back pay by the time the case proceeds to trial, in addition to other pecuniary and non-pecuniary losses that can total up to $100,000 under Tenn. Code. Ann. subsection 4-21-313(a)(4).[1] [Notice of Removal ¶¶ 13–14]. Indeed, "[i]t is appropriate to consider back pay beyond the time of removal when a plaintiff seeks an award for back pay that includes future accruals." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014) (quotation omitted).

Mr. Belew seeks this very type of compensation, maintaining that his damages include "a loss of future earnings," [Compl. at 6], and when the Court calculates the back pay to which he would be entitled—from the date of his alleged termination through the prospective trial date—it totals roughly $71,000.[2] *See Shupe*, 566 F. App'x at 480 (stating that the district court's "calculation of [the plaintiff's] backpay appropriately included accruals through the projected trial date" when the plaintiff alleged that she suffered a loss of future earnings). Mr. Belew also seeks "such further and general relief to which he may be entitled under the law," [Compl. at 7], and alleges "personal injuries including humiliation and embarrassment caused by the Defendant's discriminatory and unlawful

---

[1] Tenn. Code. Ann. subsection 4-21-313(a)(4) states "[f]or any cause of action arising under § 4-21-401 . . . the sum of the amount of compensatory damages awarded for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, shall not exceed, for each complaining party . . . . [i]n the case of an employer who has more than one hundred (100) and fewer than two hundred one (201) employees at the time the cause of action arose, one hundred thousand dollars ($100,000)[.]"

[2] The Court has scheduled this case for trial on October 30, 2017. [Scheduling Order, doc. 9, at 8].

practices," [*id.* at 6]. In computing the amount in controversy, the Court may consider these unspecified amounts of damages, *see Shupe*, 566 F. App'x at 480 (recognizing that, for the purpose of tallying the amount in controversy in a wrongful-termination action, the plaintiff's alleged unspecified damages for humiliation and embarrassment "would be in addition to" back pay); *Crumley v. Greyhound Lines, Inc.*, No. 11-2153, 2011 WL 1897185, at *2 (W.D. Tenn. May 18, 2011) (considering unspecified damages for mental and emotional distress when calculating the amount in controversy in an action under the THRA), which, as Seco points out, can range up to $100,000, Tenn. Code Ann. § 4-21-313(a)(4).

In addition, Mr. Belew seeks the recovery of unspecified attorney's fees, [Compl. at 6], which the Court may also consider in determining the amount in controversy, *see Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) (stating that "reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction" (citation omitted)); *see also* Tenn. Code Ann. § 4-21-306(a)(7) (permitting the recovery of reasonable attorney's fees for a plaintiff); *Shupe*, 566 F. App'x at 480 (recognizing that, for the purpose of calculating the amount in controversy in a wrongful-termination action, attorney's fees "would be in addition to" back pay). "Given the complexity of THRA cases and the extensive discovery usually required, a successful plaintiff will almost always incur substantial attorney's fees." *Crumley*, 2011 WL 1897185 at *3. In sum, based on Mr. Belew's alleged damages, the types of relief that Mr. Belew requests, and the record evidence at the time of removal,

7

Seco has demonstrated that Mr. Belew's claim, more likely than not, will exceed the amount in controversy under § 1332(a).

## IV. CONCLUSION

Because the Tennessee Rules of Civil Procedure contain an analog to Federal Rule of Civil Procedure 54(c), the Court has an obligation to look beyond the specific demand in Mr. Belew's pleading to determine the amount in controversy. Seco has shown by a preponderance of the evidence that Mr. Belew's alleged damages—which include back pay that will total approximately $71,000, pecuniary harm from humiliation and embarrassment, and attorney's fees—will exceed $75,000. Mr. Belew's Motion to Remand [doc. 6] is therefore **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge